UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED ILLUMINATING COMPANY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WHITING-TURNER | : | 3:18-cv-00327-WWE |
| CONTRACTING CO., | : | |
|     Defendant, Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NORTH AMERICAN SPECIALTY | : | |
| INSURANCE COMPANY, et al., | : | |
|     Third-Party Defendant. | : | |

## MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

Third-party defendant North American Specialty Insurance Company ("North American") has moved to dismiss Count Nine of the first amended complaint filed by third-party plaintiff Whiting-Turner Contracting Co. ("Whiting-Turner"). For the following reasons, North American's motion to dismiss will be denied.

### BACKGROUND

On June 30, 2010, The United Illuminating Company ("UI") and Whiting-Turner entered into an agreement for the construction of The United Illuminating Central Facility Project located in Orange, Connecticut. The agreement required the construction of an office building, an operations building, and related parking lots and common driveways.

1

On April 21, 2011, North American as surety executed and delivered a performance bond for The United Illuminating Central Facility, naming B&W Paving as principal and Whiting-Turner as obligee. Construction of the parking lots and common driveways was completed in 2012.

Whiting-Turner alleges that during its performance on the Project, B&W Paving breached and defaulted on its obligations under the B&W Paving subcontract, including, but not limited to: B&W Paving installed an insufficient quantity of asphalt or otherwise improperly and/or incompletely installed the asphalt for the parking lots and driveways, failed and refused to remove and replace its nonconforming work and breached its warranties.

In 2016, Whiting-Turner made a claim on the B&W Paving performance bond through several communications with North American. Whiting-Turner alleges that North American is liable by reason of the foregoing breach of the B&W Paving performance bond for any and all damages and costs arising from B&W Paving's breach and default, including attorney's fees.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

North American argues that Whiting-Turner fails to assert a plausible claim for breach of the bond for several reasons: (1) Absent performance of the remedial paving work by Whiting-Turner, North American has no obligation to reimburse Whiting-Turner for such work under the bond; (2) Given the one-year limitation on the subcontract's warranty obligation, Whiting-Turner's claim is untimely; (3) Whiting-Turner's allegations that B&W is in default directly contradict Whiting-Turner's posture as defendant, including express denials that any defective work was performed on the project; (4) Whiting-Turner's claim is asserted conditionally, demonstrating that actual default under the bond is merely a possibility; and (5) Whiting-Turner's claim is internally inconsistent with allegations in its underlying claim against B&W.

**Performance of Remedial Work**

North American argues that absent performance of the remedial work by Whiting-Turner, which has not occurred, North American has no obligation under the bond. The bond provides in relevant part:

> the Surety shall, within ten (10) calendar days after notice of default from the Obligee, notify the Obligee of its election either to promptly proceed to remedy the default or promptly proceed to complete the contract in accordance with and subject to its terms and conditions. <u>In the event the Surety does not elect to exercise either of the above stated options, then the Obligee thereupon **shall** have the remaining work completed, Surety to remain liable hereunder for all expenses, including attorney's fees, of completion.</u>

3

(emphasis added). North American contends that since it elected to exercise neither of the first two stated options after notice of default, Whiting-Turner's right to reimbursement is expressly conditioned upon Whiting-Turner completing the paving work. According to North American, as Whiting-Turner has declined such performance, it fails to state a plausible claim for breach of the bond.

Whiting-Turner responds that, pursuant to the bond *and other incorporated contract ducuments*, North American is to "remain liable" for all expenses of completion upon Whiting-Turner's declaration of B&W's default. Whiting-Turner argues that its completion of the work is not a condition precedent to establishing liability. Drawing all reasonable inferences in favor of the pleader, at this stage, the court will deny North American's motion to dismiss based on asserted failure to complete remedial work. The issue of remediation as a prerequisite to liability may be revisited on summary judgment.

**One-Year Warranty Obligation**

North American argues that the only potential duty it could have under the bond would be with respect to a default by B&W of its warranty obligation under the subcontract, which was expressly limited to a period of one-year after completion of the project. The project was completed in 2012, yet Whiting-Turner's notice to North American occurred in 2016, almost four years' later. Accordingly, North American contends that Whiting-Turner's claim is untimely.

Whiting-Turner responds that the B&W subcontract and contract documents make clear that B&W's obligation to complete its work in conformance with the contract documents continues beyond completion of the

project and final payment. Whiting-Turner contends that its claim rests not on breach of the one-year warranty, but on breach of the underlying subcontract's requirement that B&W complete its work in conformance with the contract. Whiting-Turner submits that the bond clearly indicates that North American's obligations under the bond remain in "full force and effect" until B&W "well and truly perform[s]" all of its obligations in accordance with the requirements of the contract documents (aside from any warranty). Whiting-Turner further asserts that the paving reports document the fact that B&W failed to perform its work in accordance with the contract.

Once again, drawing all reasonable inferences in favor of the pleader, the court will deny North American's motion to dismiss based on timeliness. This dispute of law concerning the breadth of the bond and its relation to other documents may be revisited at the summary judgment stage, with the benefit of a complete record.

**Contradictory, Conditional, and Inconsistent Claims**

North American argues that Whiting-Turner cannot cure the inconsistent nature of its claims, which allege that B&W defaulted under the subcontract by performing defective work, while simultaneously denying that B&W committed any such breach. Whiting-Turner contends that pleading in the alternative is common, accepted practice.

North American cites multiple cases for the general proposition that a court is not obligated to accept contradictory allegations in the pleadings. See e.g. Pierce v. Fordham Univ., Inc., 2016 WL 3093994, at *2 (S.D.N.Y. June 1, 2016); Silano v. Scarnuly-Grasso, 2017 WL 2802875, at * 14 (D. Conn. June 28,

5

2017).  Nevertheless, as examples, Pierce involved emails from the plaintiff that directly contradicted her allegations of cooperation; Silano alleged both a conspiracy between the defendant and the police – and that the defendant intentionally misled the police to facilitate the plaintiff's arrest.  See id.  Such cases are examples of mutually exclusive conditions of fact, independent from impending underlying legal determinations.  In such cases, the plaintiffs' allegations refute the plausibility of their straightforward claims.  In contrast, in the instant case, Whiting-Turner is denying liability (a legal conclusion) on one hand while asserting on the other hand that, if liability is found, it should be borne by other entities based on additional prospective conclusions of law.  Such is the nature of third-party claims.  Accordingly, at the dismissal stage, drawing all reasonable inferences in favor of the pleader, the court will not preclude Whiting-Turner from pleading in the alternative.

## CONCLUSION

For the foregoing reasons, North American's motion to dismiss Whiting-Turner's third-party claim is DENIED.

Dated this 23rd day of May, 2019, at Bridgeport, Connecticut.

                                          /s/Warren W. Eginton
                                    WARREN W. EGINTON
                                    SENIOR UNITED STATES DISTRICT JUDGE