UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED ILLUMINATING COMPANY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :       3:18-cv-00327-WWE |
| WHITING-TURNER<br>CONTRACTING CO,<br>    Defendant, Third-Party Plaintiff, | :<br>:<br>:<br>: |
| v. | : |
| B&W PAVING & LANDSCAPING LLC,<br>    Third-Party Defendant,<br>    Cross Claimant, | :<br>:<br>:<br>: |
| v. | : |
| INDEPENDENT MATERIALS TESTING<br>LABORATORIES INC.,<br>    Cross Defendant. | :<br>:<br>: |

## MEMORANDUM OF DECISION ON FOURTH-PARTY DEFENDANT'S MOTION TO DISMISS

Independent Materials Testing Laboratories Inc. ("IMTL") has moved to dismiss the cross-claim filed against it by B&W Paving & Landscaping LLC ("B&W Paving"). For the following reasons, IMTL's motion to dismiss will be granted.

### BACKGROUND

**Primary Claims**

On June 30, 2010, The United Illuminating Company ("UI") and Whiting-Turner entered into an agreement for the construction of The United Illuminating Central Facility Project located in Orange, Connecticut.

1

The agreement required the construction of an office building, an operations building, and related parking lots and common driveways.

Whiting-Turner and B&W Paving entered into a subcontract agreement pursuant to which B&W Paving was to perform the paving work on the Central Facility. Under the subcontract, B&W Paving was responsible for performing all of the work described in the B&W Paving subcontract documents, including the "Contract Documents" defined therein, in accordance with plans, specifications and other Contract Documents.

Under the B&W Paving subcontract, B&W Paving "represents and warrants that it is an expert in the particular line or lines of work herein contracted to be done and that it is competent to know whether the materials, methods and apparatus specified for this work are sufficient and suitable to secure the results contemplated by the Contract Documents." Under the B&W Paving Subcontract, B&W Paving "warrants its workmanship and materials furnished against any defects, faults or damages."

Whiting-Turner alleges that if UI's allegations related to paving work are proven, any liability Whiting-Turner may have to UI for incomplete and/or defective work is a direct and proximate result of B&W Paving's breaches of the B&W Paving subcontract, including, but not limited to, allegations that B&W Paving installed an insufficient quantity of asphalt or otherwise improperly or incompletely installed the asphalt for the parking lots and driveways.

Whiting-Turner alleges that B&W Paving was in exclusive control of the paving of the parking lots and driveways about which UI complains to the exclusion of Whiting-Turner.

**Cross-Claim**

B&W Paving filed a cross-claim for common law indemnification against Independent Materials Testing Laboratories Inc. ("IMTL"). B&W Paving alleges that during construction, IMTL oversaw, inspected, and approved of B&W Paving's paving work, and that B&W Paving was instructed to follow the directions from IMTL while placing the bituminous paving material. IMTL has now moved to dismiss B&W Paving's cross-claim for failure to state a plausible claim.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Common Law Indemnification**

Indemnity involves a claim for complete reimbursement based on equitable principles. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412

(1965). Ordinarily, there is no right of indemnity between tort-feasors. Id. However, in Kaplan, the Supreme Court of Connecticut adopted an implied obligation of indemnity for a tortfeasor whose active negligence is primarily responsible for a plaintiff's injuries where the "out-of-pocket" defendant was merely passively negligent. Smith v. City of New Haven, 258 Conn. 56, 66 (2001).

> To assert a claim for indemnification under *Kaplan,* an out-of-pocket defendant must show that: (1) the party against whom the indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the [] resulting injuries []; (3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be negligent.

Smith, 258 Conn. at 66. It is important to note that IMTL's cross-claim must be construed against the background of the underlying complaints, for it is only if the underlying plaintiffs prevail that B&W Paving would have any basis to seek indemnity against IMTL. See Cimino v. Yale University, 638 F. Supp. 952, 958-59 (D. Conn. 1986) ("Theirs is a contingent claim: if plaintiffs do not prevail against them, then no basis for indemnity lies.").

IMTL contends that B&W Paving failed to sufficiently plead the second and third elements for common law indemnification under Connecticut law, namely that B&W Paving was merely passively negligent and that IMTL was in control of the situation to the exclusion of B&W Paving.

Connecticut courts have "distinguished between 'active or primary negligence,' and 'passive or secondary negligence.'" Skuzinski v. Bouchard Fuels,

4

Inc., 240 Conn. 694, 697 (1997). "To allege this second element of an indemnification claim, a third-party plaintiff must not only allege that the third-party defendant is actively negligent, it must also allege facts to plausibly suggest that it is merely passively negligent." O & G Industries, Inc. v. Aon Risk Services Northeast, Inc., 2013 WL 4737342, at * 5 (D. Conn. Aug. 30, 2013 ). Active negligence is the direct, immediate cause of the accident and resulting injuries. Pouliot v. Paul Arpin Van Lines, Inc., 367 F. Supp. 2d 267, 271 (D. Conn. 2005). "Passive negligence is generally limited to constructive or technical fault, as where an owner of property is held liable for an injury on his property resulting from a dangerous condition caused by another working on his property." In re General Dynamics Asbestos Cases, 602 F. Supp. 497, 501 (D. Conn. 1984).

In the instant case, the Court finds that if IMTL's failure to supervise constitutes "active" negligence, then the underlying action it failed to supervise – B&W Paving's allegedly incomplete and defective installation of asphalt for the parking lot and driveways – must also constitute "active" negligence. See O & G Industries, 2013 WL 4737342, at *5; In re General Dynamics, 602 F. Supp. At 501; Pouliot, 367 F. Supp. 2d at 271. Indeed, B&W Paving's installation of an insufficient quantity of asphalt or otherwise improper installation the asphalt for the parking lots and driveways is alleged by Whiting-Turner to be the direct, immediate cause of the resulting injuries. Accordingly, B&W Paving's attempt to label its work as passive is unpersuasive.

B&W Paving's cross-claim is also deficient because it demonstrates that IMTL lacked exclusive control over the faulty paving. "While the fact of exclusive control is generally a question of fact, the issue may properly be decided as a

question of law where it does not turn upon any meaningful dispute about the alleged facts." Pouliot, 367 F. Supp 2d at 271. The Connecticut Supreme Court has defined exclusive control over the situation as exclusive control over the dangerous condition that gives rise to the accident. Skuzinski, 240 Conn. at 705. "Determining whether a party had exclusive control does not turn, however, on whether that party's actions were a 'but for' cause of the damages." Pouliot, 367, F. Supp. 2d at 272. Allegations of a failure to properly review, certify, or supervise, *alone* are not sufficient to state a claim for common law indemnity. See Michael Horton Associates, Inc. v. Calabrese & Kuncas, P.C., 2012 WL 1089964, at n. 4 (Conn. Super. Mar. 8, 2012) ("The fact that the defendants reviewed these 'very plans' does *not* mean that the defendants controlled them or their use to the exclusion of the plaintiff—that is, to the exclusion of the party that actually prepared them."). Similarly, B&W Paving's allegations that IMTL oversaw, inspected, and approved of B&W Paving's paving work does not mean that IMTL had control over the dangerous condition to the exclusion of B&W, the paving company that actually performed the paving work. This is especially the case where, based on the underlying allegations, and pursuant to the B&W Paving subcontract, B&W Paving "represents and warrants that it is an expert in the particular line or lines of work herein contracted to be done and that it is competent to know whether the materials, methods and apparatus specified for this work are sufficient and suitable to secure the results contemplated by the Contract Documents." B&W Paving's factual allegations are insufficient to render its cause of action against IMTL plausible. Accordingly, B&W Paving's cross-claim for common law indemnification against IMTL will be dismissed.

## CONCLUSION

For the foregoing reasons, IMTL's motion to dismiss the cross-claim filed against it by B&W Paving [ECF No. 137] is GRANTED.

Dated this 5th day of September, 2019, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE