UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

UNITED ILLUMINATING CO.

v.

WHITING-TURNER CONTRACTING
CO ET AL

3: 18 CV 327 (WWE)

DATE: OCT. 7, 2019

---

RULING ON DEFENDANT WHITING-TURNER'S MOTION TO COMPEL (DOC. NO. 183)
AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 223)

This litigation arises out of numerous problems with in the construction of two buildings in Orange, Connecticut. The Whiting-Turner Contracting Company ["Whiting-Turner"] contracted with the plaintiff United Illuminating Company ["United Illuminating"] for the construction of these two buildings. In February 2018, United Illuminating filed suit against Whiting-Turner to recover amounts to remedy the outstanding construction issues and amounts paid to investigate and remedy certain issues. Multiple third and fourth-party complaints were filed, and to date, there are nine parties in this case, including sub-contractors and insurers. Under the current scheduling order, document discovery is to be completed by November 12, 2019; mediations are scheduled for December 2019 and January 2020, and, if necessary, fact discovery will proceed to July 2020. (*See* Doc. No. 180).

I. PROCEDURAL BACKGROUND

On August 19, 2019, the defendant Whiting-Turner filed the underlying Motion to Compel (Doc. No. 183), with brief (Doc. No. 184), affidavits and exhibits in support (Doc. No. 183), seeking: (1) a computation of damages claimed by United Illuminating relating to its claim for $3,000,000 "already incurred [before February 23, 2018] . . . . to repair defects with the Central

Facility's heating and cooling systems and power systems" ["the Mechanical Claim"], as alleged in paragraph 12 of the Complaint; and, the production of all "documents or other evidentiary material" on which its computation of damages for its Mechanical Claim is based, "including materials bearing on the nature and extent of injuries suffered[]"; (2) an order compelling United Illuminating to answer Interrogatory Nos. 5 and 6, related to the alleged defects and its $3,000,000 in alleged costs "already incurred" before February 23, 2018 for its Mechanical Claim; (3) sanctions in the form of striking this $3,000,000 claim; (4) an order compelling the production of documents, including certain electronically stored information ["ESI"], dating back to January 1, 2008, as well as back up files to replace ESI that United Illuminating claims was lost during an "email migration" in 2012, including emails for two United Illuminating custodians, Vallillo and Torgerson, who were significantly involved with the Central Facility Project by applying the agreed upon search terms to the agreed upon time frame; and (5) an order compelling United Illuminating to produce a list of exclusionary search terms that it is using to exclude from production ESI that is responsive to the agreed upon search terms, or, in the alternative, to produce all ESI responsive to the agreed upon search terms without the use of exclusionary search terms. (Doc. No. 184 at 2-3). Whiting-Turner also seeks sanctions and the appointment of a Magistrate Judge to oversee discovery. (Doc. No. 184 at 3).

Ten days later, United Illuminating filed a Motion for Protective Order (Doc. No. 187) with brief and multiple exhibits in support. The issue underling this Motion is the emails lost during United Illuminating's email migration. When undertaking discovery, United Illuminating learned that email before 2010 is unavailable because of this email migration that it originally disclosed occurred in 2012, but actually occurred between March and June 2011. In response, Whiting-Turner noticed a deposition for September 3, 2019, seeking testimony on topics relating to United

Illuminating's email migration, and served a Request for Production of Documents related thereto. (Doc. No. 187-1 at 3). The Motion for Protective Order followed.

Ten days thereafter, United Illuminating filed an Emergency Motion for Postponement of Deposition, relating to its Motion for Protective Order. (Doc. No. 188). On the same day, the Court (Eginton, J.) referred all the pending discovery motions to this Magistrate Judge. (Doc. Nos. 190, 193; *see* Doc. Nos. 187, 188, 189)

Following an immediate telephonic conference held the same day, the Court granted the plaintiff's Emergency Motion for Postponement of Deposition (Doc. No. 197; *see also* Doc. Nos. 188, 192, 189, 198), and scheduled a continued telephonic conference for September 4, 2019, to address the plaintiff's Motion for Protective Order (Doc. No. 187). During the conference call, the parties reported some progress towards resolving the Motion for Protective Order (Doc. Nos. 197, 199), and a continued call was set for September 16, 2019. (Doc. No. 200). On September 9, 2019, the plaintiff filed its brief in opposition to Whiting-Turner's Motion to Compel. (Doc. No. 203).

The Court held a productive conference call on September 16, 2019 (Doc. Nos. 200, 204), following which the Court denied United Illuminating's Motion for Protective Order without prejudice to renewal. (Doc. No. 206). The Court's Memorandum of the Telephonic Discovery Conference reads:

> Counsel agreed that they will continue to work together to address outstanding issues through a phase process as they described it to the Court. If the parties hit an impasse, they shall contact the Court for a telephonic conference call. No deposition relating to the server issue shall be noticed prior to a conference call with the Court and an opportunity for United Illuminating to refile its Motion for Protective Order.
>
> Additionally, as agreed upon by counsel, the parties will continue to work to resolve the issues in Whiting-Turner's Motion to Compel (Doc. No. 183).

3

A follow up telephonic status conference to discuss discovery, including the Motion to Compel, and to address settlement, is set for Thursday, September 26, 2019 at 11:30 a.m.

(Doc. No. 205).

On September 23, 2019, Whiting-Turner filed its reply to its Motion to Compel. (Doc. No. 214). Two days later, United Illuminating filed a Motion for Permission to File a Sur-Reply brief (Doc. No. 215); Whiting-Turner filed an objection the same day. (Doc. No. 216). The Court held its telephonic discovery conference the next day (Doc. No. 218), during which it granted United Illuminating's Motion for Permission to File a Sur-Reply brief and set the remaining outstanding issues down for oral argument on October 4, 2019. (Doc. Nos. 217-19).

The day before the oral argument, United Illuminating filed a Statement of Position on Outstanding Discovery Issues, with exhibits in support (Doc. No. 222), and filed its renewed Motion for Protective Order (Doc. No. 223). Later that day, Whiting-Turner filed its Statement of Position, with exhibit in support. (Doc. No. 225). The Court heard oral argument on October 4, 2019. (Doc. No. 226; *see* Doc. No. 219).

    A.    <u>MOTION TO COMPEL</u>

There are six issues addressed in Whiting-Turner's Motion to Compel. After consideration of the parties' extensive briefing, and lengthy oral argument before the undersigned, the Court articulated its ruling on each of these issues on the record during the October 4, 2019 oral argument, and memorializes these conclusions as follows:

    1.    <u>COMPUTATION OF DAMAGES RELATING TO PARAGRAPH 12 OF THE COMPLAINT</u>

United Illuminating shall continue to produce responsive documents, on a rolling basis, up to the deadline for document discovery, which is November 12, 2019.

2.  INTERROGATORY NO. 5 AND INTERROGATORY NO. 6

Consistent with the Court's Order regarding United Illuminating's production relating to the computation of damages, United Illuminating shall continue to supplement its production through its rolling compliance, up to November 12, 2019. United Illuminating shall answer Interrogatory Nos. 5 and 6 as fully as it can, meaning, as the Court stated on the record, that when United Illuminating is asked to identify defects, United Illuminating shall be as specific as it can in its responses, so that Whiting-Turner can determine which sub-contractor performed the allegedly defective work, and which additional costs allegedly flowed from that defective work.

3.  SANCTIONS

Federal Rule of Civil Procedure 37(d)(1)(A)(ii) states that the "court may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answer, objections, or written response." *Id.* Rule 37(d) sanctions "are reserved for the most flagrant instances of discovery non-compliance." *Doe v. Mastoloni*, 307 F.R.D. 305, 308 (D. Conn. 2015) (emphasis in original). In light of United Illuminating's production, and continued production on a rolling basis, the Court will not impose sanctions.

4.  VALLILLO AND TORGERSON EMAILS

Whiting-Turner initially sought in its motion to compel all emails involving top executives Vallillo and Torgerson, and United Illuminating objected to that request. After extensive discussion of the issue at oral argument on October 4, 2019, the parties agreed that United Illuminating would respond to the following, limited request by November 12, 2019: "In the event that United Illuminating discovers that Mr. Vallillo was the subject of one or more "extenuating circumstances" such that emails for the 2009-2011 period are available (in back up form, or are

generally in existence), United Illuminating shall produce emails responsive to the agreed upon search terms for the period of 2009-2012, on or before November 12, 2019."

5. EXCLUSIONARY SEARCH TERMS

As agreed upon by counsel during oral argument on October 4, 2019, United Illuminating will provide its exclusionary search terms in exchange for Whiting-Turner's production of its exclusionary search terms. Both parties will exchange those terms on October 11, 2019.

6. ELECTRONIC AND PAPER PRODUCTION OF DOCUMENTS

As discussed on the record, United Illuminating will produce responsive electronic documents by November 12, 2019, and counsel for United Illuminating confirmed that, to date, all paper documents have been produced. Whiting-Turner will complete its production of documents by November 12, 2019.

B. RENEWED MOTION FOR PROTECTIVE ORDER

On October 3, 2019, United Illuminating renewed its Motion for Protective Order (Doc. No. 223) in response to Whiting-Turner re-noticing the Rule 30(b)(6) deposition for October 28, 2019. According to United Illuminating, Whiting-Turner is seeking "irrelevant information including, but not limited to, United Illuminating's document retention policies for the period and its issuance of litigation holds." (Doc. No. 222 at 9; *see* Doc. No. 223).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). The Advisory Committee's Notes to the 2015 amendment of Rule 26 further explain that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

FED. R. CIV. P. 26 advisory committee's note to 2015 amendment. A party from whom discovery is sought, may seek a protective order to shield itself from "annoyance, . . . undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). A court may issue a protective only after the moving party demonstrates good cause. *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987). "To establish good cause under Rule 26(c), courts require a particularized demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (citations and internal quotation marks omitted).

In this case, United Illuminating has moved for the entry of a protective order on grounds that the discovery sought is irrelevant and not proportional, and some of the discovery sought is privileged. In response, Whiting-Turner argues specifically that the relevance of the 2009-2011 emails it seeks is "beyond dispute[,]" as the design took place in 2009-2010, and the construction, testing and inspection took place in 2010-2012. (Doc. No. 225 at 4). Whiting-Turner argues that documents produced to date suggest that the defects alleged by United Illuminating, are the result of United Illuminating's decisions in the design, testing and inspection of the Project, which were "likely discussed more candidly in internal emails between [United Illuminating] employees in 2009-2011." (*Id.*). Thus, "[i]f all of these emails have been deleted, Whiting-Turner needs to confirm when that happened relative to [United Illuminating's] expectation of litigation." (*Id.*).

Rather than proceed with a 30(b)(6) deposition, however, Whiting-Turner expressed its willingness to accept an affidavit from an authorized United Illuminating representative. (*Id.*at 7).

After considering Whiting-Turner's proposal, and hearing extensive argument on this issue, the Court directed, and the parties agreed, that, in lieu of a deposition, an authorized United Illuminating representative shall complete an affidavit containing clear and complete answers to the following questions:[1]

1. United Illuminating claims that only six months of emails were migrated from Lotus Notes to MS Outlook during the 2011 email migration.

    a. Was it the same six month period for all custodians?

    b. What six months of email was migrated for the custodians previously listed including Torgerson and Vallillo?

2. United Illuminating claims that additional emails were preserved due to "extenuating circumstances."

    a. Identify all "extenuating circumstances" which led to the preservation of emails in addition to the "six months."

    b. Identify every custodian (defined as other employees who may be copied on Project emails) for whom emails were preserved based on "extenuating circumstances" and the scope of the emails preserved by date and/or subject as applicable.[2]

3. United Illuminating claims that the Lotus Notes email archive server "failed."

    a. Is the server in United Illuminating's possession, custody or control? (Answer yes or no)

    b. When did United Illuminating staff realize that the emails regarding the Central Facility Project were gone?[3]

---

[1] As agreed upon during oral argument, the foregoing questions are not intended to implicate privileged information, and United Illuminating's responses are limited to non-privileged documents or communications.

[2] This question has been modified from the original question, as discussed during oral argument.

[3] In Whiting-Turner's draft proposal, this question was labeled as 3.d. It has been modified from the original question, "When did [United Illuminating] discover that it had failed?" *See* note 1 *supra.*

c. Identify whether this server was the only backup source for United Illuminating's emails from 2009-2011. (Answer yes or no)[4]

4. United Illuminating claims that United Illuminating learned that the 2009-2011 email was lost "in gathering discovery."[5]

   a. Explain when United Illuminating discovered that 2009-2011 email relevant to the Central Facility Project had been lost.[6]

5. Explain all steps taken by United Illuminating to determine whether there are 2009-2011 emails relevant to the Central Facility Project that remain in existence and what they discovered.[7]

   a. Did United Illuminating ask each custodian whether they had any backup, PST or other electronic or printed copies of these emails? (Answer yes or no)

   b. Did United Illuminating investigate whether any United Illuminating custodians with involvement in the Central Facility Project had some or all of their 2009-2011 emails preserved due to an extenuating circumstance? (Answer yes or no)

   c. Did United Illuminating investigate whether any additional backup media exists containing this media?

   d. Did United Illuminating discover that sources of these 2009-2011 emails relevant to the Central Facility Project became available for any other reason other than the 2011 migration?

6. Identify all dates when United Illuminating issued litigation hold instructions related to the Central Facility project.[8]

---

[4] In Whiting-Turner's draft proposal, this question was labeled as 3.e.

[5] In Whiting-Turner's draft proposal, this question was labeled as 3.f.

[6] In Whiting-Turner's draft proposal, this question was labeled as 3.g and was modified to remove "(date and circumstances)".

[7] In Whiting-Turner's draft proposal, this was labeled as 4. With the exception of subsection c, all of these questions were modified during the hearing before the Court. *See* note 1 *supra.*

[8] In Whiting-Turner's draft proposal, this question was labeled as 5 and was modified to remove "and who received the litigation hold instructions".

7. Did United Illuminating have a document retention/preservation policy for 2011 through the date of the destruction of the server? If so, what was the policy?[9]

8. Did United Illuminating have a policy relating to backup email practices and procedures from 2011 through the date of destruction of the server? If so, what was that policy?[10]

Accordingly, the Renewed Motion for Protective Order (Doc. No. 223) is *granted such that the deposition will not go forward on October 28, 2019. In lieu of the deposition, by October 28, 2019, an authorized United Illuminating representative shall execute an affidavit containing responses to the questions outlined above by the Court.*

II. CONCLUSION

Accordingly, this Court concludes that Whiting-Turner's Motion to Compel (Doc. No. 183) is *granted in part* and United Illuminating's Renewed Motion for Protective Order (Doc. No. 223) is *granted in part* as set forth above.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 7th day of October, 2019.

    /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge

---

[9] In Whiting-Turner's draft proposal, this question was labeled as 6 and was modified as stated above.

[10] In Whiting-Turner's draft proposal, this question was labeled as 7 and was modified as stated above.