UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
UNITED ILLUMINATING CO.                :        3: 18 CV 327 (RNC)
:
v.                                                              :
:
WHITING-TURNER CONTRACTING   :        DATE: OCT. 30, 2020
CO ET AL                                              :
:
------------------------------------------------------x

RULING ON DEFENDANT WHITING-TURNER'S MOTION TO COMPEL (DOC. NO. 259)

This litigation arises out of numerous problems with the construction of two buildings in Orange, Connecticut. The Whiting-Turner Contracting Company ("Whiting-Turner") contracted with the plaintiff United Illuminating Company ("United Illuminating") for the construction of these two buildings. In February 2018, United Illuminating filed suit against Whiting-Turner to recover amounts to remedy the outstanding construction issues and amounts paid to investigate and remedy certain issues. Multiple third and fourth-party complaints were filed, and to date, there are eight parties in this case, including sub-contractors and insurers.

I.	PROCEDURAL BACKGROUND

Initially, this case was referred to the undersigned for discovery on August 29, 2019 (Doc. Nos. 190) and again on August 30, 2019 (Doc. Nos. 193-94), following which the Court held several telephonic discovery conferences and issued many orders on discovery. (*See* Doc. Nos. 191, 195-200, 204-07, 218). On October 4, 2019, this Court heard lengthy oral argument on several pending discovery motions (Doc. No. 226, Doc. No. 235), following which the Court issued a ten-page ruling on discovery. (Doc. No. 227 ["October 2019 Ruling"]). From December 2019 through June 2020, the parties engaged in private mediation which resulted in a settlement between United Illuminating and third-party defendant Titan Mechanical Contractors, Inc.

("Titan"); all other claims remain pending. (*See* Doc. No. 247). On July 2, 2020, the parties resumed discovery. Under the current scheduling order, written discovery is to be completed by November 27, 2020, fact depositions are to be completed by December 18, 2020, and expert discovery is to be completed by June 23, 2021. (*See* Doc. No. 258).

On October 5, 2020, Whiting-Turner filed the pending Motion to Compel, addressing several discovery issues addressed in the October 2019 Ruling.[1] (Doc. No. 259-61). The next day, the pending motion was referred to the undersigned, and the Court scheduled oral argument for October 29, 2020. (Doc. No. 262). On October 26, 2020, United Illuminating filed its brief in opposition (Doc. No. 267), and on the eve of the oral argument, Whiting-Turner filed a reply. (Doc. No. 269).

The Court heard extensive oral argument on October 29, 2020. (Doc. No. 264-65, 270).

II.    MOTION TO COMPEL

There are eight issues addressed in Whiting-Turner's Motion to Compel.

A.    SETTLEMENT AGREEMENT

In this first issue, Whiting-Turner seeks a copy of the settlement agreement between United Illuminating and Titan. (Doc. No. 252 at 2). United Illuminating argues that the settlement agreement, which was entered into in confidence, is irrelevant to Whiting-Turner's claims in this instant suit. (Doc. No. 267 at 8).

A settlement agreement is not shielded from discovery merely because it contains confidential information, *see Gerber Scientific Int'l, Inc. v. Satisloh AG,* Civ. No. 3:07CV1382 (PCD), 2008 WL 11381479, at *2 (D. Conn. Nov. 19, 2008), but rather, the discovery of a settlement agreement "is only appropriate if it is itself relevant to the subject matter of the action,

---

[1] Counsel reserved his right to address this discovery again if the parties' mediation sessions were unsuccessful.

2

or is likely to lead to relevant evidence." *ABF Capital Mgmt. v. Askin Capital*, 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000) (citations omitted). Thus, the settlement agreement is discoverable only if the document satisfies the relevance standard of Rule 26.

In its reply brief, Whiting-Turner argues that it is "entitled to verify that all claims arising under the HVAC subcontract with Titan have been withdrawn in full." (Doc. No. 269 at 2). The information that Whiting-Turner seeks, however, has already been verified. On July 23, 2020, United Illuminating filed its Notice of Withdrawal of Claims Arising Out of Work Performed By Titan Mechanical Contractors, Inc., in which it notified the Court that it was "withdrawing, with prejudice, any and all claims arising out of the work performed" by Titan, and that United Illuminating "will not seek any recovery from Whiting-Turner arising out of Titan's work on the Central Facility Project in this lawsuit or any other proceeding." (Doc. No. 252).

To date, United Illuminating's Amended Complaint still includes a claim for "approximately $3,000,000 in costs in attempting to repair defects with the Central Facility's heating and cooling systems and power systems" for which, in turn, Whiting-Turner filed a third-party claim against Titan for the HVAC work that Titan performed. As discussed during the oral argument, the content of the settlement agreement bears little relevance to Whiting-Turner's claims at this stage of the case as United Illuminating stated on the record, it is not seeking a claim regarding the HVAC system, it is not seeking damages from Whiting-Turner regarding Titan's scope of work and, to the extent that Whiting-Turner identifies in the damages analysis any amounts related to claims United Illuminating had against Titan, counsel for United Illuminating will withdraw those amounts as they are foreclosed by its filing of its Notice of Withdrawal. (*See* Doc. No. 252).

3

Whiting-Turner also argues that it should receive the settlement agreement as discovery related to its indemnity claim against Titan, but discovery of the agreement on this ground, at this stage, is premature. *See Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (holding that the share owed by a settling party is relevant to apportionment of damages, which is a "determination [that] cannot be made until a final judgment has been rendered"). Moreover, as stated above, United Illuminated has already provided some information about the settlement through the notice it filed on the public docket in July 2020.

B. <u>LITIGATION HOLD INSTRUCTIONS AND THE NAMES OF THOSE RECEIVING THE INSTRUCTIONS</u>

As discussed during the hearing held on October 5, 2019, Whiting-Turner sought "all dates when [United Illuminating] issued litigation hold instructions and who received the litigation hold instructions related to the Central Facility project." (Doc. No. 235 at 32). At that time, counsel for Whiting-Turner clarified that he was "not looking for the content of those [litigation hold notices]," but wanted to "know when [United Illuminating] made the decision that litigation was sufficiently anticipated to start to preserve documents and who it told to preserve documents." (*Id.* at 32-33). Ultimately, Whiting-Turner's request was limited to the dates the instructions were given and, in an affidavit executed by Lisa C. Diggs on October 28, 2019, Diggs averred, among other things, that United Illuminating issued litigation holds on three different dates: November 21, 2017, September 9, 2019 and September 30, 3019.  In the current motion, Whiting-Turner argues that the Diggs affidavit "left many questions unanswered" (Doc. No. 260 at 8); Whiting-Turner renews its request for the litigation hold notices and the names of the recipients of these notices.  United Illuminating argues that the attorney client and work product privileges bar the production of its litigation hold instructions.

As discussed in *Pearlstein v. BlackBerry Ltd.*, No. 13CV07060 CMKHP, 2019 WL 1259382, at *18-19 (S.D.N.Y. Mar. 19, 2019):

> Courts in other Circuits have noted that both protections may shield such notices from disclosure. *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 12-cv-0463, 2018 WL 3342931 (M.D. Tenn. Mar. 29, 2018) (recognizing that litigation hold notice could be protected by the attorney-client privilege or work product doctrine; ordering production of redacted documents concerning the circumstances of the company's preservation efforts in light of spoliation concerns); *Márquez-Marin v. Lynch*, No. 16-cv-1706 (JAW), 2018 WL 1358214, at *12 (D.P.R. Mar. 15, 2018); *Cohen v. Trump*, No. 13-cv-2519 (GPC) (WVG), 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015) (litigation hold notice was privileged but discovery regarding the circumstances surrounding the issuance of the notice was not privileged). On the other hand, in cases where the notice has been sent to large groups of employees and merely described document retention practices or instructions for preservation, courts have rejected claims of attorney-client and work product protection. *Bagley v. Yale Univ.*, 318 F.R.D. 234 (D. Conn. 2016) (in context of spoliation allegations, attorney-client privilege did not attach to litigation hold notice sent in response to legal complaint lodged by employee and work product doctrine not implicated); *United States ex rel. Barko v. Halliburton Co.*, 74 F. Supp. 3d 183 (D.D.C. 2014) (in qui tam litigation, [work product doctrine did not attach to] litigation hold documents reflecting receipt of a subpoena from the government because they were sent by the company's chief executive, not the legal department, to large groups of employees, and did not contain legal advice or work product).
>
> Thus, a litigation hold, just like any other communication with counsel, may constitute or contain legal advice and work product. There is no reason why a litigation hold memo should be *per se* excluded from protection. Rather, the content and circumstances of its issuance, as well as the context of the litigation, will determine applicability of any privilege or work product protection.

*Id.*

Additionally, although generally litigation hold letters are not discoverable, particularly when a party has made an adequate showing that the material is protected by the attorney-client privilege or the work product doctrine, litigation letters may be discoverable upon a finding of spoliation. *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 490 n.188 (D. Del. 2012) (citing *Major Tours, Inc. v. Colorel,* C.A. No. 05–3091, 2009 WL 2413631, at *2

(D.N.J. Aug. 4, 2009) (holding litigation hold letter discoverable due to finding of spoliation); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.,* 244 F.R.D. 614, 634 (D. Colo. 2007) (permitting plaintiff to take deposition to explore procedures used to preserve documents after finding defendants expunged hard drives of employees after litigation had begun); *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 425 (S.D.N.Y.2004) (disclosing details of litigation hold communication after discovering email had not been produced); *Keir v. Unumprovident Corp.,* C.A. No. 02–CV–8781 (DLC), 2003 WL 21997747, at *6 (S.D.N.Y. Aug. 22, 2003) (allowing analysis of emails after finding electronic records ordered preserved were erased); *United Medical Supply Co. v. United States,* 77 Fed. Cl. 257, 262 (Fed. Cl. 2007) (ordering production of defendant's hold letters after finding defendant spoliated evidence), *aff'd sub nom. Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, No. CV 07-127-LPS-MPT, 2014 WL 545440 (D. Del. 2014). The moving party must make a preliminary showing of spoliation of evidence, which can come from 30(b)(6) deposition testimony about litigation hold efforts, or the documented efforts to preserve or retain documents.

After consideration of the parties' extensive arguments on this issue, the Court denies Whiting-Turner's request for the litigation hold notices, but grants its request for disclosure of the names of the individuals who received the notices. As discussed at length during oral argument on October 29, 2020, once Whiting-Turner has a list of the recipients of the litigation hold notices, it may inquire, during depositions, into the actions taken in response to the litigation hold notices. United Illuminating shall provide a list of the recipients of the litigation hold notices by **November 6, 2020**.

    C.    DESIGNATION OF 30(b)(6) DEPOSITION ON THE ISSUE OF THE FAILED LOTUS NOTES EMAIL ARCHIVE SERVER

As agreed upon by the parties at oral argument, Whiting-Turner will depose Lisa Diggs using Zoom videoconferencing technology, for a period of not more than three hours, on three specific topics:

(1) When did you first discover that the Lotus Notes Email Archive Server failed;

(2) What did you do when you discovered that the server failed; and

(3) When did you lose possession of the archive server, with a description of the circumstances surrounding the loss of possession of that server.

    D.    ADDITIONAL DOCUMENT CUSTODIANS

During discussion on this issue at oral argument, counsel for Whiting-Turner proposed a compromise, in response to which the Court directed counsel to meet and confer in an effort to resolve or, at minimum, narrow this issue. **On or before November 9, 2020**, the parties shall file a Joint Status Report addressing the status of this issue, and if the parties reach a compromise, counsel shall submit the proposed language for the Court's review.

    E.    PRODUCTION OF DESIGN AND CONSTRUCTION DOCUMENTS RELATING TO UNITED ILLUMINATING'S INVESTIGATION AND RENOVATION WORK

As discussed during oral argument, counsel for Whiting-Turner and United Illuminating will meet and confer on this issue to determine:1) if United Illuminating has the documents that Whiting-Turner has requested, and if there is dispute, the parties will detail the remaining issue(s); and, 2) when United Illuminating will produce the documents at issue. The parties will apprise the Court of the status of this request in the **November 9, 2020** Joint Status Report.

F.     <u>PRODUCTION OF RESPONSIVE NON-EMAIL DOCUMENTS FROM UNITED ILLUMINATING'S PAPER AND ELECTRONIC FILES</u>

As discussed on the record at oral argument, the counsel for Whiting-Turner and United Illuminating will meet and confer in an effort to resolve any outstanding dispute over this issue. In the Joint Status Report due on **November 9, 2020**, counsel shall update the Court as to what is left to be produced, when that production will be made, and if there is an outstanding dispute to be addressed by the Court.

G.     <u>PRODUCTION OF DOCUMENTS IN THE POSSESSION, CUSTODY, OR CONTROL OF UNITED ILLUMINATING CUSTODIANS</u>

As discussed during oral argument, counsel for United Illuminating previously agreed to ask custodians who are current employees if they have any responsive files outside of the United Illuminating computer system, and after doing so, United Illuminating produced additional documents to Whiting-Turner. Counsel for United Illuminating now agrees to pose the same inquiry to former United Illuminating personnel upon receipt of a list of the names of these former employees from Whiting-Turner. To the extent the parties are unable to resolve this issue, they shall apprise the Court of the outstanding dispute in the **November 9, 2020** Joint Status Report.

H.     <u>IN-CAMERA REVIEW OF ALLEGED PRIVILEGED DOCUMENTS</u>

As detailed in its brief in opposition, and as discussed on the record at oral argument, counsel for United Illuminating is reviewing the redacted documents at issue to determine what information is privileged and will confer with counsel for Whiting-Turner with an eye toward resolution. To the extent any dispute remains, counsel shall detail the issue in the **November 9, 2020** Joint Status Report.

III.  CONCLUSION

Accordingly, this Court concludes that Whiting-Turner's Motion to Compel (Doc. No. 259) is *granted in part and denied in part.* The parties shall file their Joint Status Report in compliance with this Ruling on November 9, 2020.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 30th day of October, 2020.

                                                    __/s/ Robert M. Spector_____
                                                    Robert M. Spector
                                                    United States Magistrate Judge