UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
UNITED ILLUMINATING CO.          :          3: 18 CV 327 (RNC)
:
v.                               :
:
WHITING-TURNER CONTRACTING       :          DATE: MAY 20, 2021
CO ET AL                         :
:
---------------------------------------------------------x

ORDER ON DISCOVERY

On April 26, 2021, the plaintiff, United Illuminating, filed the pending Motion for Protective Order (Doc. No. 294) with brief and multiple exhibits in support, seeking a court order to address a deposition notice served by Whiting-Turner on Daniel Hanish and additional discovery on the issue of pre-migration emails and the temporary email server. In particular, United Illuminating seeks "a protective order forbidding . . . [Whiting-Turner] from proceeding with three topics contained within its noticed Rule 30(b)(6) deposition, the deposition of Mr. Daniel Hanish, or any other discovery inquiring into United Illuminating's 2011 e-mail migration and the AXS-One e-mail archive server." (*Id.* at 1). By way of background, earlier in this litigation, United Illuminating learned that all emails before 2010 were unavailable because of a 2011 email migration. In July 2019, United Illuminating informed Whiting-Turner's counsel of this discovery. Since 2019, the Court has addressed on several occasions this issue of the destruction of the archive email server that is, again, at issue in this pending motion.

On October 7, 2019, following nearly two hours of oral argument, the Court ordered United Illuminating, upon agreement of the parties, to have "an authorized United Illuminating representative" complete an "affidavit containing clear and completes answers to" eight listed questions on the issue of the pre-migration email and the temporary email server, in lieu of

deposing a representative on this issue.  (Doc. No. 227 at 8-10).  On October 28, 2019, United Illuminating served the Affidavit of Ms. Lisa Diggs. (Doc. No. 294, Ex. A).

Nearly a year later, on October 30, 2020, following a lengthy discovery hearing, the Court issued a second order permitting Whiting-Turner to depose Ms. Diggs for no more than three hours on the following topics: "(1) When did you first discover that the Lotus Notes Email Archive Server failed; (2) What did you do when you discovered that the server failed; and (3) When did you lose possession of the archive server, with a description of the circumstances surrounding the loss of possession of that server." (Doc. No. 271 at 7; *see* Doc. Nos. 265, 270). Then, on November 19, 2020, the Court ordered United Illuminating to produce documents from two additional custodians regarding the email migration and Lotus Notes Server. (Doc. No. 274 at 5).

On April 21, 2021, United Illuminating produced Ms. Diggs's for a Rule 30(b)(6) deposition on the three topics articulated in the Court's October 30, 2020 order. (Doc. No. 294, Ex. 4). Whiting-Turner asserts that Ms. Diggs still did not answer the question of when, in 2018, the server was destroyed, which, it contends, is relevant given the filing of this action on February 23, 2018.  (Doc. No. 296 at 6-10). Following the deposition, Whiting-Turner served a deposition notice for Daniel Hanish (*see* Doc. No. 294, Ex. K) on the issue of the server destruction and amended its Rule 30(b)(6) Notice to add the following three additional topics: "When did UI first discover that server 'AXSONEP01' failed? Describe circumstances"; "What did UI do when it discovered that the server . . . had failed?"; and, "When did UI lose possession of [the] server . . .? If its hard drive was shredded or otherwise destroyed, when did that happen? (Was any effort made to preserve the data before it was destroyed?) Describe circumstances." (Doc. No. 294, Ex. L at 5).  Whiting-Turner claims it is entitled to this additional discovery because Ms. Diggs did not answer the topics detailed by the Court.  (Doc. No. 296). This pending motion followed.

The Court has carefully reviewed Ms. Diggs's deposition testimony (Doc. No. 294, Ex. B; Doc. No. 296, Ex. B), and the related emails. (See Doc. No. 294, Exs. C-D). In summary, Ms. Diggs testified that the server started to fail in 2016 and that United Illuminating renewed a maintenance service contract from January 2017 to January 2018 but was "often incapable of accessing information" and unable to access information in the server. (Doc. No. 294, Ex. B). Additionally, she testified that access to archived emails was "no longer working for anyone" as of August 2016, and additional problems with access were documented in March 2017. (*See* Doc. No. 294, Exs. C-J). Ms. Diggs explained that, sometime prior to October 2019, she was told by a now former employee that the server was destroyed in 2018. (Doc. No. 296, Ex. B at 23-25, 28-29). Ms. Diggs also stated that she "knows" that the server was still in existence "through 2018 sporadically when there were requests for data." (*Id.* at 19). According to Ms. Diggs, "[W]e were unable to access it at some point in 2018, and therefore, it was retired and the drives were shredded." (*Id.* at 19). Her testimony answers the first and second questions posed by the Court on October 30, 2020, which were "When did you first discover that the Lotus Notes Email Archive Server failed[,]" and "What did you do when you discovered that the server failed[.]" (Doc. No. 271 at 7).

Her testimony that the server was accessible, albeit sporadically, until some point in 2018, after the November 2017 litigation hold, goes to the third question posed by the Court. Accordingly, it is appropriate for Whiting-Turner to inquire as to when, in 2018, the server was shredded, and what efforts, if any, were taken to preserve any data that may have existed on the hard drives before they were shredded in 2018. Indeed, that line of inquiry falls squarely within the third question posed by the Court, which was "When did you lose possession of the archive

3

server, with a description of the circumstances surrounding the loss of possession of that server." (Doc. No. 271 at 7).

In its memorandum in opposition, Whiting-Turner proposed a stipulation which would moot the request to depose Mr. Hanish. (Doc. No. 296 at 11-12). The proposed stipulation is as follows:

1. The hard drives within the Lotus Notes Email Server, referenced in United Illuminating's April 26, 2021 "Emergency Motion for Protective Order" (Doc. No. 294) were destroyed by United Illuminating after February 23, 2018.

2. Prior to United Illuminating's destruction of the Lotus Notes Email Server's hard drives, United Illuminating made no attempt to preserve the data that may have existed on the hard drives.

3. Prior to United Illuminating's destruction of the Lotus Notes Email Server's hard drives, United Illuminating did not retain any third party to examine the hard drives, forensically or otherwise, to determine if any data that may have existed on the hard drives was recoverable.

(*Id.*).

Counsel for United Illuminating sought and was granted additional time to respond to Whiting-Turner's opposition to the motion for protective order on grounds that "Whiting-Turner proposed three stipulations that it agreed would moot the need" for this motion, United Illuminating "has been investigating answers to the proposed stipulations[,]" and counsel for United Illuminating "continues to investigate the facts sought by Whiting-Turner." (Doc. No. 297 at 1-2). On May 14, 2021, United Illuminating filed a reply brief in which it all but ignored the proposed stipulations, noting in a footnote that counsel "has attempted to avoid the need to have the Court address this issue further by trying to determine the exact date in 2018 when the server was shredded . . . , but has been unable to determine the exact date when the server was shredded." (Doc. No. 300 at 5 n.2).

Whiting-Turner is entitled to a response to its inquiry into the date when the server was shredded, which, stated another way, is a response to the Court's question of "[w]hen did [United Illuminating] lose possession of the archive server." (Doc. No. 271 at 7). Ms. Diggs testified that the server was the responsibility of the infrastructure department and that the head of that department was and still is Mr. Daniel Hanish. (Doc. No. 296, Ex. B at 22). United Illuminating shall respond to the stipulations set forth above, and if United Illuminating cannot stipulate to the proposed language in the stipulations, Whiting-Turner may conduct a brief deposition of Mr. Hanish, not to exceed one hour, limited to an inquiry into when, in 2018, the server was destroyed, what, if any, documentation exists confirming the destruction of the server, and what, if any, efforts were made to preserve or recover data before the server was "shredded." Mr. Hanish's deposition testimony, coupled with Ms. Digg's April 21, 2021 deposition testimony, will be the end of the inquiry on this issue.

Accordingly, the plaintiff's Motion for Protective Order (Doc. No. 294) is GRANTED IN PART IN and DENIED IN PART. To the extent that Whiting-Turner seeks to add three additional topics to the Rule 30(b)(6) Notice, the plaintiff's motion for a protective order is GRANTED. To the extent that Whiting-Turner seeks deposition testimony of Mr. Hanish, the plaintiff's motion is DENIED in part such that, if United Illuminating does not stipulate to the proposed language above, Whiting-Turner may conduct a limited deposition of Mr. Hanish into when, in 2018, the server was destroyed, what, if any, documentation exists confirming the destruction of the server, and what, if any, efforts were made to preserve or recover data before the server was "shredded."

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and

5

D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 20th day of May, 2021.

                                                                                             /s/ Robert M. Spector, USMJ
                                                                                             Robert M. Spector
                                                                                             United States Magistrate Judge